NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—APRIL, 1877

## WHEELWRIGHT *v.* WHEELWRIGHT.

*In the matter of the Estate of* BENJAMIN F. WHEEL-WRIGHT, *deceased.*

Executors and administrators are not entitled to appropriate to themselves, from the funds of the estate, the commissions allowed by law, until the same have been awarded to them by the Surrogate on an accounting.

It seems that they may properly be charged with interest on sums or appropriated which otherwise would have produced interest to the estate.

They are not bound to part with possession or control of funds necessary to meet their commissions, until their claim to commissions has been determined by the Surrogate.

THIS was a motion to confirm the report of the referee made on the accounting of the executor in the matter of the estate of Benjamin F. Wheelwright, deceased. The only objection of any importance was that interposed by Washington S. Wheelwright, one of the legatees, to the effect that the referee, by his ninth finding, found that the executors, in January 1876, retained from the capital of the estate $15,000 on account of their commissions, being $5,000 apiece, and it was claimed that they had no authority to do so, and should have been charged by the referee with interest thereon from that time to the settlement. The evidence showed that notwithstanding the appropriation of said $15,000 as commissions, the executors were unable to loan the funds of the estate, and were compelled to have in hand from $15,000 to $20,000, which could not be invested.

OWEN & GRAY, *for the executor.*

E. F. BAYS, *in opposition.*

THE SURROGATE.—By section 71 of the revised statutes 6th edition page 101, it is provided that on the settlement of the account of an executor, or administrator, the Surrogate shall allow to him certain commissions particularly stated in the section, and I am of the opinion that the statute referred to does not contemplate that the executor or administrator, will at his own pleasure appropriate the funds belonging to the estate as commissions, but that they do not become commissions, and are not set apart from the body of the estate until there is a settlement of their accounts. This being so the executors ordinarily would be chargeable with interest on the amount thus appropriated to the time when the account was settled; but in this case, I am of the opinion that no injustice has been done to the estate in question by disallowing the interest on the sum thus appropriated, for the reason that the proof shows, that if it had been retained it would not have earned interest as an ordinary investment. Yet the trustees might have realized some interest if the fund had been deposited in a trust company, and it seems to me that it would be a wise rule to adopt, to require trustees, after diligent and unsuccessful effort to invest the funds in their hands, in ordinary regular securities, to deposit the fund in a trust company so that some interest may be realized, and I think it my duty to recommend this practice, which seems not to have been generally observed, and I make this suggestion in the hope that it may become a general practice hereafter; but as such practice does not seem to have prevailed heretofore, I am disinclined to charge the trustees interest in this case on the fund uninvested, because of the non-deposit on interest in a trust company.

it may be urged,—in answer to the suggestion that no injury has been done to the estate by the appropria-

tion of the so called commissions, because of the inability of the trustees to make investments,—that the trustees appropriating these funds without authority, before they had been set apart for them, should be held to have misappropriated the funds of the estate, and so rendered themselves liable for interest thereon at full rates, in analogy to the rule laid down by the courts in the case of the ordinary unlawful use of the funds of the estate, in the business of the trustee; but the analogy does not hold good, for the reason that they have taken no more than they would have been entitled to reserve in their hands, as against any claim which might have been made against the estate, and therefore had not put the funds of the estate in any jeopardy, for they could not be compelled to so part with the funds of the estate, as to leave themselves dependent upon the uncertainty of sufficient funds being thereafter realized to pay their commissions, or turned over to proceedings to recover them back, but this court would justify them in retaining in their hands—though not in appropriating as their own—a sufficient fund to cover their lawful commissions to be awarded on settlement of their account.

I am therefore of the opinion that the report of the referee should be confirmed, and that the application of Washington S. Wheelwright should be denied.


Order accordingly.